UNITED STATES of America ex rel.
Cornelius WASHINGTON,
Petitioner,

v.

Thomas PAGE, Warden, Menard
Correctional Center,
Respondent.[1]

No. 96 C 5226.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 15, 1997.

---

1. George E. DeTella, the warden of the Stateville Correctional Center, was the original respondent in this petition. Since the time of the filing of this petition, Mr. Washington has been trans- ferred to the Menard Correctional Center. Accordingly, Mr. Page, the warden at Menard, has been substituted as respondent.

Cornelius Washington, Menard, IL, pro se.

William L. Browers, Office of the Attorney General, Chicago, IL, for Respondent.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner, Cornelius Washington, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus to challenge his conviction on charges of murder and other crimes. For the following reasons, the Petition is denied.

#### Background

Following a jury trial in the Circuit Court of Cook County, Illinois, Mr. Washington was convicted of murder, home invasion, and aggravated criminal sexual assault. Mr. Washington appealed his convictions in the Illinois state court system through both the direct appellate review mechanism and the Illinois post-conviction relief statute. In his habeas corpus petition Mr. Washington argues that (1) the prosecutor improperly commented during closing arguments that witnesses had failed to immediately implicate Mr. Washington in the crime because they feared Mr. Washington and, (2) the prosecutor knowingly used perjured testimony in securing Mr. Washington's convictions. Although Mr. Washington does not specifically state how these improprieties violated the Constitution, I will presume Mr. Washington argues the alleged prosecutorial misconduct violated his due process rights.

#### Closing Argument

Mr. Washington contends that the prosecutor improperly attempted to explain witnesses' prior inconsistent statements by arguing to the jury that the witnesses failed to immediately implicate Mr. Washington in the crime because they feared Mr. Washington. Under Section 2254:

> An application for a writ of habeas corpus...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United states; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2).

■ The "unreasonable application" provision "tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.'" *Lindh v. Murphy*, 96 F.3d 856, 870 (7th Cir.1996)(en banc), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The issue is whether the state court asked the *"legally* correct question," *id.* at 876 (emphasis in original), and if so, whether "a responsible, thoughtful answer [was] reached." *Id.* at 871. If both requirements are met, the state court decision must be honored. *Id.*

During summation, the prosecutor told the jury that the state's witnesses did not initially come forward with what had happened on the day of the murder because they were "'covering up for [defendant], when they didn't want to get involved, when they were afraid of [defendant],...."' *People v. Washington*, 243 Ill.App.3d 138, 611 N.E.2d 1043, 1049, 183 Ill.Dec. 395, 401 (1st Dist.1993). The defendant objected to the prosecutor's argument as based on facts not in evidence, but the objection was overruled. *Id.* The prosecutor continued, stating "'[w]hen they're afraid of [defendant], they covered up for him....'" *Id.* Mr. Washington raised his prosecutorial misconduct claim on direct appeal in the Illinois appellate court. He argued that, absent evidence in the record indicating the witnesses feared Mr. Washington, the circuit court erred in overruling his objections to the prosecutor's comments. The appellate court noted that there was no evidence in the record that Mr. Washington had ever threatened any of the witnesses. *Id.* 611 N.E.2d at 1051, 183 Ill.Dec. at 403. Further, the state's case rested mainly on the witnesses' testimony.

■ The appellate court found that it "'must consider the context of the [prosecutor's] argument, its relationship to the evidence, and its effect on the defendant's right to a fair and impartial trial.'" *Id.* at 1050, 183 Ill.Dec. at 402 (quoting *People v. Walker,*

230 Ill.App.3d 377, 594 N.E.2d 1252, 1267, 171 Ill.Dec. 732, 747 (1st Dist.1992) (citations omitted)). The court further noted that "'prosecutors are afforded wide latitude in closing argument, and improper remarks will not merit reversal unless they result in substantial prejudice to the defendant.'" *Id.* The Supreme Court has noted that when considering prosecutorial misconduct "[t]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986)(quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). The standard the Illinois appellate court utilized in this case is substantially similar to the Supreme Court standard and is, if anything, an easier standard for Mr. Washington to meet than the standard the Supreme Court set forth for considering improper prosecutorial comment. The standard requires a determination of the degree to which improper comments affected the trial. As the *Lindh* court noted, "when the constitutional question is a matter of degree, rather than of concrete entitlement, a 'reasonable' decision by the state court must be honored." 96 F.3d at 871.

▮ Since the Illinois appellate court applied proper law in this case, the issue is now whether the application of the law was "unreasonable." The appellate court found that the prosecutor's comments were "neither highlighted, repeated (other than just after the defendant's objection was overruled), nor otherwise emphasized." *Washington,* 611 N.E.2d at 1051, 183 Ill.Dec. at 403. The court also noted that, unlike cases where improper prosecutorial comment has been a basis for reversal, in the instant case the prosecutor did not disregard a court order or graphically emphasize the witnesses' fear. *Id.* Further, the evidence at trial was not closely balanced and aside from the witnesses' initial reluctance to come forward, their testimony was consistent. In sum, the appellate court found that the evidence in the case was not close and that the prosecutor's comments were not an "error of such magnitude that it denied defendant a fair trial." *Id.*

The appellate court carefully considered the prosecutor's comments and the effect of the comments on the entire trial. Based upon the court's intelligent analysis of the issues, there is no evidence of an "unreasonable application" of the law. Mr. Washington has not shown the type of "infection" that would indicate his conviction was a denial of due process. Accordingly, I deny the writ of habeas corpus on this issue.

### *Perjury*

Mr. Washington's second ground for habeas corpus relief is that the prosecutor knowingly used perjured testimony to convict Mr. Washington. Mr. Washington argues that, only after the witnesses at his trial had been in police custody for sometime, did they implicate Mr. Washington in the victim's murder. To bolster his claim, Mr. Washington attaches the affidavit of Alfred Dotson. Mr. Dotson, whose relationship to this case is unknown, claims to have had a conversation with a third-party, Derrick Smith, in which Mr. Smith informed Mr. Dotson that one of the witnesses in Mr. Washington's case, Edward Reed, told Mr. Smith that the state's attorney informed Mr. Reed and other witnesses they would go free if they testified that Mr. Washington was guilty. There are no other details in the affidavit. Mr. Washington raised the perjury claim with the attached affidavit in his petition for post-conviction relief in the Illinois state courts.

The Illinois appellate court denied Mr. Washington's perjury claim petition. *People v. Washington,* No. 1–94–0018, (unpublished summary order). The court found that the circuit judge who dismissed the post-conviction petition was the same judge who had presided at trial. The circuit court judge was in the best position to evaluate the credibility of the challenged witnesses in conjunction with the third-party hearsay affidavit. The appellate court found that the trial judge "concluded that [the] defendant had not set forth the gist of a meritorious claim." *Id.* at 2. To reach this conclusion, the trial judge must have considered Mr. Dotson's affidavit and determined it lacked credibility. Under Section 2254, this factual finding is presumed correct and the burden rests on Mr. Wash-

## 1100

ington to rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

■■■■ Perjury is committed when a witness "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993). The burden is on Mr. Washington to show the state knowingly used false testimony to obtain the conviction. *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959). Mr. Washington argues that the witnesses were in police custody for sometime before they implicated Mr. Washington, thus indicating coercion by the state. Another plausible explanation for the witnesses' reticence in implicating Mr. Washington, however, and the one given by the witnesses at trial, was that they initially did not want to get involved in the case. *Washington,* 611 N.E.2d at 1045–46, 183 Ill.Dec. at 397–98.

The appellate court held that the trial judge, the individual in the best position to consider Alfred Dotson's affidavit, found Mr. Washington did not have the "gist of a meritorious claim." *Washington,* No. 1–94–0018, at 2. Mr. Washington has provided nothing in this habeas petition to rebut the state court findings. He simply attached Mr. Dotson's affidavit to this petition. The affidavit has multiple levels of hearsay and is a simple allegation without substantiating facts. Without more, Mr. Washington has not proven that the state knowingly used false testimony.

### *Conclusion*

For the reasons stated above, Mr. Washington's habeas corpus petition is denied.