**Roy POST, Petitioner,**

v.

**Thomas PAGE, Warden, Respondent.**

**No. 97–CV–2223.**

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Oct. 9, 1998.

Roy Post, Menard, IL, pro se.

David H. Iskowich, Office of Illinois Attorney General, Chicago, IL, for Respondent.

## ORDER

MCCUSKEY, District Judge.

On January 7, 1998, Petitioner, Roy Post, filed a Petition under 28 U.S.C. § 2254 for a writ of *habeas corpus* (# 1). Post challenges his May 27, 1993, state court conviction of three counts of residential burglary and one count of possession of burglary tools. Post alleges that he was denied his constitutional right to the effective assistance of counsel.

As ordered, Respondent, Thomas Page, filed an Answer to the petition (# 12) and also filed a copy of the state court record. Respondent argues that Post's claims are procedurally defaulted or, in the alternative, have no merit. Following a thorough review of the state court record in this case, this court concludes that the state appellate court rendered a reasonable decision regarding two of Petitioner's claims. This decision is entitled to deference by this court. This court further concludes that Petitioner's remaining two claims lack merit. For this reason, the Petition for a writ of *habeas corpus* (# 1) is DENIED in its entirety.

## FACTS

In February 1993, several homes were burglarized in an affluent residential neighborhood in Decatur, Illinois. Around the time of the burglaries, Post was apprehended by police officers following a lengthy chase. Post was wearing camouflage clothing and had burglary tools attached to his person. He had discarded a small nylon bag during the chase. The bag contained a sterling silver service taken from one of the nearby burglarized residences. The police obtained a search warrant to search Post's car and motel room. Police officers found additional sterling silver service and jewelry taken from the burglarized homes. They also found an assortment of other burglary tools and false identification. The sterling silver found in the motel room had already been boxed for shipment.

Post was charged with five counts of residential burglary and one count of possession of burglary tools. Following his arrest, Post hired private counsel, Gregory Barnes, to represent him. Barnes filed a motion to suppress the evidence found in the car and motel room. In March 1993, a hearing was held, and Barnes strenuously argued that the police did not have probable cause to obtain a search warrant to search Post's car and motel room. The trial court denied the motion to suppress.

Subsequently, Barnes moved to sever two of the counts of residential burglary. The trial court granted the motion, and the prosecution dismissed the two severed counts of residential burglary. Post then waived his right to a jury trial, and a stipulated bench trial was held. Post was found guilty of three counts of residential burglary and one count of possession of burglary tools. At sentencing, Barnes argued against the imposition of an extended term sentence based upon Post's age and the fact that he was also facing a prison term in Ohio. The trial court sentenced Post to a term of 20 years' imprisonment for each of the residential burglary convictions and a term of 3 years' imprisonment for possession of burglary tools. All of the sentences were to be served concurrently.

Post appealed from his convictions. He argued, among other things, that his motion to suppress evidence should have been granted. The Illinois Appellate Court, Fourth District, disagreed and affirmed Post's convictions. *People v. Post*, 266 Ill.App.3d 1135, 225 Ill.Dec. 779, 684 N.E.2d 464 (1994) (unpublished summary order). Post's petition for leave to appeal this decision to the Illinois Supreme Court was denied on February 1, 1995.

On June 16, 1995, Post filed a Petition pursuant to the Illinois Post–Conviction Hearing Act (725 Ill.Comp.Stat. 5/122–1 *et seq.* (West 1996)) in the circuit court. In his handwritten *pro se* Petition, Post argued that he was denied his constitutional right to the effective assistance of counsel. He contended that Barnes failed to advise him of a plea offer made by the prosecution early in the proceedings. According to Post, the prosecutor offered to recommend a 10–year sentence in exchange for a guilty plea. Post also claimed that Barnes lied, misrepresented the facts and was generally incompetent. Specifically, Post stated that Barnes did not introduce conflicting police reports into evidence at his bench trial. On June 20, 1995, the trial court dismissed the Post–Conviction Petition as frivolous and patently without merit.

On June 29, 1995, Post filed a Motion to Reconsider the Dismissal of his Post–Conviction Petition. In this Motion, Post stated that Barnes was disbarred by the Attorney Registration and Disciplinary Commission (ARDC) for conduct which occurred during the time Barnes represented him. Post also claimed that he told Barnes he was willing to plead guilty for a term of six years, but Barnes refused to relay this offer to the prosecutor.

The Appellate Court, Fourth District, affirmed the dismissal of Post's Post–Conviction Petition. *People v. Post,* No. 4–95–0929 (March 3, 1997) (unpublished order). The court agreed with the trial court that the Petition was frivolous or patently without merit. The court stated:

> [R]egarding the [prosecutor's] "plea offer," [Post] provides no information concerning its particulars, such as when, how, and by whom it was communicated to his counsel. Nor does he provide an affidavit from the prosecutor or his trial counsel to support this claim. If defendant possessed any facts to support this claim, no reason exists why he could not have put them in his post-conviction petition, and no reason exists why he should not be *required* to do so.
>
> Similarly, [Post's] claim regarding the conflicting police report[s] is merely con-

clusory. He has provided no information or affidavits that such reports even exist, and further—as the State argues—such reports could hardly have mattered given the enormity of the State's evidence against [Post] in the context of the stipulated bench trial in which he was convicted.

> Further, we agree with the State that in this case, [Post's] trial counsel recognized that [Post's] only viable defense was to seek suppression of the evidence the police seized from [Post's] car and motel room. Defense counsel appropriately opted to proceed by means of a stipulated bench trial in order to preserve the suppression issue. In return, the State dismissed two counts of residential burglary. *Post,* No. 4–95–0929, slip op. at 9 (emphasis in original).

The court finally concluded, in applying the standard set out by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

> The record here demonstrates compellingly that [Post's] trial counsel's tactical judgment to attack the State's case by challenging the search was entirely reasonable; in any event, no probability whatsoever exists that the result of the proceedings would have been different had [Post's] trial counsel pursued some other theory at trial. *Nothing* counsel did or could do in this case could possibly have mattered. *Post,* No. 4–95–0929, slip op. at 10 (emphasis in original).

In reaching this conclusion, the court noted that "the evidence the police gathered proved [Post] guilty of these crimes to a moral certainty." *Post,* No. 4–95–0929, slip op. at 2.

On April 8, 1997, Post filed a petition for leave to appeal to the Illinois Supreme Court. In this petition, Post pointed out that Barnes had been disbarred. He also included his claim that Barnes did not deliver to the State's Attorney his offer to plead guilty in exchange for a term of six years' imprisonment. On May 12, 1997, Post's petition for leave to appeal was denied. Post subsequently filed this Petition for a writ of *habeas corpus.*

## ANALYSIS

■ This court initially notes that Post has filed two prior petitions for a writ of *habeas corpus.* Ordinarily, the district court must dismiss a second or successive petition. *Nunez v. United States,* 96 F.3d 990, 992 (7th Cir.1996). However, in this case, both of Post's previous petitions were dismissed without prejudice for failure to exhaust state court remedies. A petition is not a second or successive petition if prior petitions were dismissed for failure to exhaust state court remedies and were not adjudicated on the merits. *O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir.1998). Accordingly, this court can consider the allegations raised in Post's Petition for a writ of *habeas corpus.*

In his Petition, Post argues that he is entitled to relief because he was denied his constitutional right to the effective assistance of counsel. In particular, Post argues that Barnes: (1) did not inform him of a plea offer from the State; (2) did not enter conflicting police reports into evidence; (3) failed to deliver to the State his offer to plead guilty; and (4) was disbarred for fraud, misrepresentation and other unethical conduct.

Post's first two specific arguments were raised in his Post–Conviction Petition and were addressed by the state trial court and appellate court.

Under § 2254:

An application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

The "unreasonable application" provision "tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.' " *Lindh v.*

*Murphy,* 96 F.3d 856, 870 (7th Cir.1996) (en banc), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The issue is whether the state court asked the legally correct question and, if so, whether a responsible, thoughtful answer was reached. *Lindh,* 96 F.3d at 871, 876; *United States ex rel. Washington v. Page,* 981 F.Supp. 1097, 1098 (N.D.Ill.1997). "If both requirements are met, the state court decision *must* be honored." *Page,* 981 F.Supp. at 1098 (citing *Lindh,* 96 F.3d at 871) (emphasis added). In other words, federal courts will give deference to the state court decision.

■ In this case, the appellate court gave careful consideration to the arguments raised by Post and found them completely without merit. This court finds that the appellate court's decision was not an unreasonable application of clearly established Federal Law. This court notes that the appellate court applied the *Strickland* decision of the Supreme Court of the United States in a completely reasonable manner. In addition, the appellate court's decision was based upon a reasonable determination of the facts in light of the evidence presented in the state court proceeding. This court finds that the state appellate court asked the legally correct question, based on *Strickland,* and reached a responsible, thoughtful answer. As a result, this court must "honor" and give deference to that decision. See *Page,* 981 F.Supp. at 1098. Accordingly, Post is not entitled to *habeas corpus* relief based upon these two claims of ineffective assistance of counsel.

■ The remaining arguments raised by Post in his Petition for a writ of *habeas corpus* were not specifically addressed by the state trial court or appellate court. Respondent argues that these claims are procedurally defaulted because Post did not fairly present these *habeas* claims in state court proceedings. It is true that a petitioner may seek *habeas* review only if he has exhausted all available state court remedies, and, in the course of those proceedings, fairly presented his constitutional claims to the state's courts. *Momient–El v. DeTella,* 118 F.3d 535, 538 (7th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 448, 139 L.Ed.2d 384 (1997). However, this court will address Post's claims on the

merits pursuant to 28 U.S.C. § 2254(b)(2) because the record shows that Post's claims are clearly without merit.

In *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court stated that the benchmark for judging a claim of ineffective assistance of counsel is whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." A claim for ineffectiveness of counsel requires a showing that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *White v. Godinez*, 143 F.3d 1049, 1054 (7th Cir. 1998).

■ Post's first contention is that Barnes was ineffective because he failed to deliver to the state Post's offer to plead guilty in exchange for a six-year term of imprisonment. Post has not supported this argument with any evidence other than his own self-serving statement. This court concludes that this claim has no merit, even assuming that Post made such an offer and Barnes' performance was deficient when he did not deliver the offer to the state. The Seventh Circuit has held that "even assuming counsel's behavior fell below an objective standard of reasonableness, where such behavior does not cause the defendant to forego a procedural or substantive right to which he was entitled, the defendant suffers no prejudice and consequently, no violation of his Sixth Amendment right." *United States v. Medina–Acevedo*, 1994 WL 362177, *4 (N.D.Ill.1994), citing *United States v. Springs*, 988 F.2d 746, 749 (7th Cir.1993). Post did not have a "procedural or substantive right" to have his plea offer accepted by the state. See *Medina–Acevedo*, 1994 WL 362177 at *5–7 (defendant had no "right" to a plea bargain). In addition, based upon this record, there is no reason to believe that the state would have considered Post's purported offer. Accordingly, Post has completely failed to establish that he was prejudiced in any way.

■ Next, Post contends that Barnes' representation was deficient because Barnes represented him while engaging in unethical acts for which Barnes was eventually investigated and disbarred by the ARDC. On January 25, 1995, the Illinois supreme court allowed Gregory Barnes' motion "to strike his name from the roll of attorneys licensed to practice law in Illinois pursuant to Supreme Court Rule 762(a)." *In re Barnes*, No. M.R. 10674, 1995 WL 936365 (1995). This confirms Post's contention that Barnes was "disbarred" and is no longer licensed to practice law.

However, this contention alone is insufficient to establish ineffective assistance of counsel. The Supreme Court has held that the "breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel" under *Strickland*. *Nix v. Whiteside*, 475 U.S. 157, 165, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). Accordingly, the Seventh Circuit has declined to adopt a *per se* rule of ineffectiveness when an attorney's license was suspended after a defendant's trial due to his neglect of other clients' legal matters. *Bond v. United States*, 1 F.3d 631, 637 (7th Cir.1993), citing *United States v. Williams*, 934 F.2d 847, 851–52 (7th Cir.1991). In addition, the Seventh Circuit has noted that courts have "consistently declined to adopt a *per se* rule that ineffective assistance always results when a disciplinary action is pending against the defendant's attorney." *Bond*, 1 F.3d at 636. Instead, a defendant is required to show " 'actual errors and omissions by counsel that prejudiced the defense.' " *Bond*, 1 F.3d at 637 (quoting *Williams*, 934 F.2d at 852).

Accordingly, to make out an ineffectiveness claim, a *habeas* petitioner must demonstrate that he was prejudiced by an actual error or omission that fell below the range of reasonable, professional and conscientious representation. *Bond*, 1 F.3d at 637. An ARDC proceeding is relevant to such a claim only if the *habeas* petitioner can link an error or omission of his trial counsel to the ARDC proceedings. See *Bond*, 1 F.3d at 637. Post's vague, general assertions that Barnes engaged in unethical conduct and was eventually disbarred because of this conduct are insufficient to meet this standard. Post has identified no specific error or omission by

Barnes which resulted in prejudice to Post. As a result, this claim is without merit.

IT IS THEREFORE ORDERED THAT the Petition for writ of *habeas corpus* (# 1) is DENIED. The clerk is directed to enter judgment in favor of Respondent and against Petitioner.