NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2010[*]
Decided February 17, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2936

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 95 CR 508 - 6 |
| JOHNNY JACKSON, | |
| *Defendant-Appellant.* | Harry D. Leinenweber, *Judge.* |

**O R D E R**

Johnny Jackson, a high-level member of the Gangster Disciples, was convicted of drug crimes in 2000 and sentenced to a total of 100 years in prison. In this appeal he challenges the denial of his motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

based on a retroactive amendment that lowered the base offense level for most crimes involving crack cocaine.

In Jackson's presentence investigation report, the probation officer estimated that the Gangster Disciples had been selling approximately 4.5 kilograms of crack a day. The probation officer added that Jackson's high-ranking position made him accountable for the distribution of "at least" 1.5 kilograms of crack cocaine. At the time, this was enough to trigger the highest base offense level of 38. U.S.S.G. § 2D1.1(c)(2) (2000). The district court adopted the factual findings in the presentence report and calculated a guidelines range of life imprisonment.

After the Sentencing Commission amended § 2D1.1 in 2007 to lower the offense levels for most crimes involving crack, the base offense level for 1.5 kilograms of crack dropped from 38 to 36. *Compare* U.S.S.G. § 2D1.1(c)(2) (2000) *with id*. § 2D1.1(c)(2) (2008). But the base offense level for offenses involving 4.5 kilograms of crack stayed at 38.

In evaluating Jackson's motion to reduce his sentence, the district court noted that the presentence report "outlined a wide-ranging drug conspiracy involving much more than 4.5 kilograms of crack cocaine," and that Jackson had been accountable for the scope of the operation. Accordingly, because Jackson still was responsible for at least 4.5 kilograms of crack, the district court concluded that the amendment did not change Jackson's offense level or lower his guidelines range, and so a reduction in sentence was not authorized. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a).

Jackson argues that the district court could not hold him responsible for 4.5 kilograms of crack after saying at sentencing only that the quantity was at least 1.5 kilograms. But the district court was not precluded from subsequently finding that his offense involved 4.5 kilograms of crack. We rejected this same contention in *United States v. Woods*, 581 F.3d 531 (7th Cir. 2009), and concluded that "a finding that the defendants were responsible for at least 4.5 kilograms is not inconsistent with the conclusion of the original sentencing court that the defendants were responsible for amounts in excess of 1.5 kilograms." *Id.* at 539. A district court can make new findings when addressing a motion to reduce a sentence when there is ample evidence on the record to support the new finding and that finding does not conflict with the district court's previous conclusion. *Id*. at 538-39. That is exactly what happened here.

AFFIRMED.