**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 7, 2012[*]
Decided August 9, 2012

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>No. 12-1094          *v.*<br><br>JOHNNY JACKSON,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 95 CR 508-6<br>Harry D. Leinenweber, *Judge*. |

### Order

　　Johnny Jackson, a leader of the Gangster Disciples, was convicted of drug crimes in 2000 and sentenced to 100 years in prison. After the Sentencing Commission made retroactive reductions to the ranges for crack cocaine offenses, Jackson asked the judge to reduce his sentence. See 18 U.S.C. §3582(c)(2). The judge denied that motion in 2009, observing that persons accountable for more than 4.5 kilograms of crack cocaine were unaffected by the change and ineligible for lower sentences. The judge concluded that Jackson had been accountable for more than 4.5 kilograms *per day* for at least six years. We affirmed. *United States v. Jackson*, No. 09-2936 (7th Cir. Feb. 17, 2010) (nonprecedential disposition).

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

The Sentencing Commission reduced the recommended ranges for crack cocaine offenses again, effective November 1, 2011, and Jackson filed another motion under §3582(c)(2). The district judge denied this motion, concluding that Jackson remains ineligible for a lower sentence because, once again, the new Guidelines do not affect his offense level. Persons accountable for 8.4 kilograms of crack remain in the highest offense level under the current version of the Guidelines, and the judge found that Jackson is responsible for hundreds of times that amount. The judge added that he would not reduce Jackson's sentence, even if he were eligible, given Jackson's managerial role in a large and violent gang.

Jackson's appeal from this decision fails for the same reason as before: The district judge is entitled to conclude, based on the evidence at trial and sentencing, plus the presentence report, that Jackson's relevant conduct is so high that the amended Guidelines do not affect his offense level. Jackson continues to insist that the judge is wrong and should make new findings on a fresh record (the original finding in 2000 was that he was responsible for at least 1.5 kilograms, the threshold at the time of sentencing), but the Supreme Court held in *Dillon v. United States*, 130 S. Ct. 2683 (2010), that §3582 does not authorize a full resentencing. See also, e.g., *United States v. Woods*, 581 F.3d 531, 539 (7th Cir. 2009). A judge may draw inferences from the evidence already in the record, and a finding in 2000 that Jackson is accountable for "at least" 1.5 kilos of crack is entirely compatible with a conclusion in 2011 that he is accountable for hundreds of times that much.

Jackson also contends that a particular count was dismissed in 2000—although the judgment of conviction provides otherwise—and that the district judge should not have found him to be a leader of the Gangster Disciples. These arguments are outside the scope of §3582(c)(2), which permits a judge to reduce a sentence only in response to a retroactive change in the Guideline range. Jackson's arguments concerning which counts he was convicted on, whether he was a leader, and so on, do not concern any issue on which the Commission made a retroactive change in the Guidelines. The sort of arguments Jackson now presents would have been appropriate for a direct appeal, but as *Dillon* holds §3582 does not revive arguments not made then (or made and decided against a defendant).

AFFIRMED