**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
Chicago, Illinois 60604
Submitted September 4, 2014[*]
Decided September 15, 2014

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 14-2097 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 95 CR 508-6 |
| JOHNNY JACKSON, *Defendant-Appellant.* | Harry D. Leinenweber, *Judge.* |

**Order**

Johnny Jackson was sentenced to 100 years in prison for drug offenses. We affirmed. A collateral attack under 28 U.S.C. §2255 was unsuccessful, and we have twice affirmed decisions denying Jackson's motions under retroactive changes to the Sentencing Guidelines. The most recent of these decisions is *United States v. Jackson*, No. 12-1094 (7th Cir. Aug. 9, 2012) (nonprecedential disposition).

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

　　　　Jackson believes that he is entitled to a lower sentence because one count of the indictment was dismissed in 2000. The judgment provides otherwise, however, and it is long past time to litigate such a contention. It would have been appropriate on direct appeal or the petition under §2255 but was not raised on either occasion. Our 2012 order informs Jackson that this contention is not a proper subject of a motion based on a change to the Guidelines. Nor can it be raised in the way Jackson has tried to do most recently—by filing a motion asking the district court to disclose documents that he asserts will reveal the count's dismissal.

　　　　The district court denied this motion, stating that there are no such documents. That is the order from which Jackson has appealed. If there are no such documents (and Jackson does not provide evidence that any exist), then there is no ground to upset the decision. And there is a more basic problem: The district court does not have continuing authority to enter orders in this case, see Fed. R. Crim. P. 35, nor do we. Jackson told the district judge that he wants these documents so that he can appeal to this court and request that the conviction be vacated. But the time to appeal on that theory was in 2000. The United States Code allows only one collateral attack (which Jackson has used), unless the criteria in §2255(h) are met. And it is the court of appeals, not the district judge, that applies these criteria. Jackson has not asked for our permission to pursue another collateral attack, and his current arguments do not meet the statutory requirements.

　　　　The district court should not have entertained Jackson's request. See *Nuñez v. United States*, 96 F.3d 990 (7th Cir. 1996). Only the court of appeals can authorize a new collateral attack, and this *is* a collateral attack, no matter what label Jackson put on the document, because it is designed to obtain substantive relief from the judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005).

　　　　Jackson must understand that his opportunity to litigate this issue expired long ago. Additional frivolous motions or appeals will lead to sanctions.

　　　　The order of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.